OPINION
On October 27, 1962, appellant, Edward Maddern, and appellee, Rose Marie Maddern, were married. The parties are the parents of four children, all emancipated at the time of the final hearing. On August 12, 1999, appellee filed a complaint for divorce.
A hearing before a magistrate was held on May 31, 2000. By decision filed December 6, 2000, the magistrate recommended granting appellee a divorce, finding the duration of the marriage to be October 27, 1962 to May 31, 2000, and awarding appellee $3,500 per month for spousal support.
Both parties filed objections. By decision filed November 29, 2001, the trial court denied all of the objections. A final judgment decree of divorce was filed on January 3, 2002.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THAT THE LENGTH OF THE MARRIAGE INCLUDED THE TIME PERIOD FROM OCTOBER 27, 1962 THROUGH THE TRIAL DATE OF MAY 30, 2000 AS OPPOSED TO OCTOBER 27, 1964 (SIC) TO JANUARY 3, 1987, THE DATE OF SEPARATION."
 II "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO MAKE AN EQUITABLE DISTRIBUTION OF THE PARTIES REAL AND PERSONAL PROPERTY AS PRESCRIBED IN R.C. 3105.171."
 III "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED THE APPELLANT TO PAY SPOUSAL SUPPORT TO THE APPELLEE IN VIOLATION OF THE DIRECTIVES AS SET FORTH IN R.C. 3105.18."
 I, II
Appellant claims the trial court erred in determining the duration of the marriage was October 27, 1962 through May 31, 2000. As a result, the property division was substantially different than under appellant's theory that the marriage terminated on January 3, 1987. We disagree.
R.C. 3105.171(A)(2)(a) provides generally, the duration of a marriage runs to the date of the final hearing. However, a trial court may determine the duration to be different given the facts of the case:
 "If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, `during the marriage' means the period of time between those dates selected and specified by the court." R.C. 3105.171(A)(2)(b).
By giving the trial court the "may" discretion, the statute places our standard of review under an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The parties filed a joint stipulation on May 31, 2000. In the stipulation at paragraph three, they stated they "have lived separate and apart without cohabitation for a period in excess of one year prior to the filing of the complaint." Appellee testified appellant voluntarily moved out on January 3, 1987, the same time he was having an affair with a co-worker. T. at 65-68. Appellant chose to leave the home and left appellee to be the care giver of their children remaining at home. T. at 107-108. Appellant did not deny the affair or that it was his decision to move out. T at 108-109. Appellee claimed she did not necessarily assent to appellant moving out. T. at 33. Appellant agreed with appellee's assessment that they developed other interests and "sort of grew apart as the years went by." T. at 108. During the time from appellant's move until 1999, the parties filed joint tax returns and appellant paid for all the household repairs and upkeep. T. at 26, 89-91.
It is clear from the evidence that appellant unilaterally left the marital residence and continued his support of appellee and the family until the filing of the divorce. Appellee did not consent to the separation.
We find no abuse of discretion given the trial court's broad discretion in determining the termination date for an equitable determination of marital property.
Assignments of Error I and II are denied.
 III
Appellant claims the trial court erred in awarding spousal support to appellee without following the directives of R.C. 3105.18. We disagree.
R.C. 3105.18(C) sets forth what should be considered in determining spousal support. These include in pertinent part the income and relative earning abilities of the parties, their ages and physical health, their retirement benefits, the duration of the marriage, their standard of living, their relative assets and liabilities, the contribution of each spouse to the other's education, possible education or training for the spouse seeking spousal support and the tax consequences.
In our review of the evidence, we find the magistrate and the trial court addressed those factors that pertain to this case. We note this marriage lasted "some thirty-seven (37) years." See, Stipulations filed May 31, 2000.
Appellee has a high school vocational education in secretarial work. T. at 9; Finding of Fact No. 28. She did not work until some sixteen years after the children were born, and her employment, although it has been full time since 1980, has been in marginal earning jobs. T. at 11, 15-19; Finding of Fact No. 28. She now makes $26,000 per year, but has no retirement or medical benefits. T. at 22, 25; Finding of Fact Nos. 26 and 27. Appellee raised and participated in the educational activities of her children. T. at 12-13; Finding of Fact No. 31. Appellee raised the children while appellant furthered his education while working full time. T. at 82-83; Finding of Fact Nos. 28 and 32. Appellee is fifty-six years old and has some health problems. T. at 25-26; Finding of Fact Nos. 29 and 30.
Appellant is presently vice president of manufacturing operations for Diebold, Inc., earning $148,016 per year plus stock options. T. at 86, 130; Finding of Fact Nos. 32 and 33. He is fifty-eight years of age and has some health problems. T. at 107; Finding of Fact No. 34 and 35.
The retirement benefits are not presently available to either party. The division of the Diebold stock is a clear reflection of the joint efforts of the parties for appellant to succeed in his chosen career. We find these assets should not be counted against appellee's right to spousal support.
Given the great disparity of income, $24,000 versus $148,016 plus stock options, the length of the marriage and appellee's physical problems, we find the trial court did not err in granting spousal support to appellant.
Assignment of Error III is denied.
By FARMER, J. HOFFMAN, P.J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is affirmed.